IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01474-OES

CHARLES ROBERT SHEPARD,

    Plaintiff,

v.

MR. RON PETERSON, (Nurse Practitioner, F.L.C.F.),
DR. PATTY BEECROFT, (Physician, F.L.C.F.),
DR. K. NEUFELD, (Director of Medicine, D.O.C.),
MR. JOE ORTIZ, (Director of D.O.C.),
MR. BILL OWENS, (Governor, State of Colorado),
MR. JOHN SUTHERS, (Ex-Parte, Director of D.O.C.),
DR. SHAMES, (Director of Managed Care, D.O.C.), and
JANE AND JOHN DOES, that are not known or named and as may be involved,

    Defendants.




FILED
UNITED STATES DISTRICT COURT
           COLORADO

SEP 2 3 2005

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Charles Robert Shepard is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility at Fort Lyon, Colorado. Mr. Shepard has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. On August 17, 2005, Mr. Shepard filed a motion to correct the spelling of Defendants' names. That motion will be granted and the court has corrected those names in the caption of this order.

The court must construe the complaint liberally because Mr. Shepard is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Shepard will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Mr. Shepard fails to allege facts that demonstrate how each Defendant personally participated in the asserted violations of his rights. Mr. Shepard asserts one claim that Defendant Mr. Ron Peterson changed the medical treatment he was receiving in violation of his Eighth Amendment rights. He asserts another claim that five of the named Defendants have instituted a policy of refusing to provide inmates with narcotics to treat their medical conditions. Although Mr. Shepard asserts a third claim that apparently is related to the adequacy of the inmate grievance procedure, it is not clear against whom that claim is asserted. Mr. Shepard does not assert any claims against Defendants Mr. Bill Owens and Mr. John Suthers.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Shepard must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Shepard will be ordered to file an amended

complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Mr. Shepard also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Shepard must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Shepard has not exhausted administrative remedies with respect to each claim he asserts, the entire complaint must be dismissed.

Mr. Shepard has not submitted copies of any administrative grievances. Although he apparently believes that his efforts to exhaust administrative grievances are covered in his allegations in support of his third claim for relief, nothing in the third claim describes with specificity the steps Mr. Shepard has taken to exhaust administrative remedies for each of the claims he raises. Accordingly, it is

3

ORDERED that the motion to correct the spelling of Defendants' names filed on August 17, 2005, is granted. It is

FURTHER ORDERED that Mr. Shepard file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Shepard, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Shepard submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Shepard fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01474-OES

Charles Robert Shepard
Reg. No. 99669
FLCF
P.O. Box 1000
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 9/23/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk